**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR237** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **RYAN MOODY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Second Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 79).  The government has adopted the PSR.  (Filing No. 78.)  *See* Order on Sentencing Schedule, ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

***Restitution***

The Defendant objects to ¶¶ 21, 111, 112 and 113 of the PSR, arguing that restitution should not be ordered.  The Defendant pleaded guilty to Count II of the Indictment charging him with possession of pseudoephedrine with the intent to manufacture methamphetamine.  The law provides for an order of restitution in a case "'involving the manufacture of methamphetamine," defined as an offense including the manufacture of methamphetamine as a necessary circumstance, condition, or consequence." *United States v. Gramling,* 417 F.3d 891, 895 (8th Cir. 2005).  21 U.S.C. § 853(q)(2).  A conviction under 21 U.S.C. § 841(c)(1) includes the intent to manufacture a "controlled substance" as an element of the offense.  The objection will be heard at

sentencing.  Defense counsel did not explain the nature of the objection.  If the objection is a legal challenge to the order of restitution, the Defendant bears the burden by a preponderance.  However, if the Defendant challenges the amount of restitution the government bears the burden.  The standard in either case is by a preponderance of the evidence.

### Rule 11(c)(1)(C) Plea Agreement

The parties' Rule 11(c)(1)(C) agreement provides for the relevant drug quantity resulting in base offense level 28, and that the sentence shall not exceed 110 months. The PSR states that the Defendant is a career offender, and the result is a sentencing guideline range of 151-188 months based on total offense level 29 and criminal history category VI. While the Rule 11(c)(1)(C) plea agreement will be discussed at sentencing, because neither party objects to the accuracy of the PSR the Court's Tentative Findings are that the PSR is correct.

IT IS ORDERED:

1.      The Court's tentative findings are that the Defendant's objection to ¶¶ 21, 111, 112 and 113 of the Second Revised PSR will be heard at sentencing;

2.      Otherwise, the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3.      The parties' Rule 11(c)(1)(C) plea agreement will be discussed at sentencing;

4.      If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the

2

submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.      Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

6.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 17th day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge