**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR237 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| RYAN MOODY, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Second Revised Presentence Investigation Report
("PSR") and the Defendant's objections thereto (Filing No. 79).  The government has
adopted the PSR.  (Filing No. 78.)  *See* Order on Sentencing Schedule, ¶ 6.  The Court
advises the parties that these Tentative Findings are issued with the understanding that,
pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing
guidelines are advisory.

*Restitution*

The Defendant objects to ¶¶ 21, 111, 112 and 113 of the PSR, arguing that
restitution should not be ordered.  The Defendant pleaded guilty to Count II of the
Indictment charging him with possession of pseudoephedrine with the intent to
manufacture methamphetamine.  The law provides for an order of restitution in a case
"'involving the manufacture of methamphetamine," defined as an offense including the
manufacture of methamphetamine as a necessary circumstance, condition, or
consequence." *United States v. Gramling,* 417 F.3d 891, 895 (8th Cir. 2005).  21 U.S.C.
§ 853(q)(2).  A conviction under 21 U.S.C. § 841(c)(1) includes the intent to manufacture
a "controlled substance" as an element of the offense.

However, Federal Rule of Criminal Procedure 11 provides that, at a change of plea hearing, a defendant must be informed of and indicate an understanding of the court's authority to order restitution.  At Moody's change of plea hearing, the following colloquy occurred:

> THE COURT: Miss Bunjer, the government requesting any restitution or forfeiture?
>
> MS. BUNJER: No, Your Honor.
>
> THE COURT: Do you understand, Mr. Moody, that no order of restitution, no order of forfeiture, will be part of any sentence that you would receive in this case?
>
> THE DEFENDANT: Yes, I understand that.

(Filing No. 75, at 11.)

In light of Rule 11 and the plea colloquy, the Court's tentative finding is that the Defendant's objection is granted.

### Rule 11(c)(1)(C) Plea Agreement

The parties' Rule 11(c)(1)(C) agreement provides for the relevant drug quantity resulting in base offense level 28, and that the sentence shall not exceed 110 months.  The PSR states that the Defendant is a career offender, and the result is a sentencing guideline range of 151-188 months based on total offense level 29 and criminal history category VI. While the Rule 11(c)(1)(C) plea agreement will be discussed at sentencing, because neither party objects to the accuracy of the PSR the Court's Tentative Findings are that the PSR is correct.

IT IS ORDERED:

1.      The Court's tentative finding is that the Defendant's objection to ¶¶ 21, 111, 112 and 113 of the Second Revised PSR is granted;

2.      Otherwise, the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3.      The parties' Rule 11(c)(1)(C) plea agreement will be discussed at sentencing;

4.      If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.      Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

6.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 18th day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge